The Honorable Bill Mills State Representative P.O. Box 1378 Searcy, Arkansas 72143
Dear Representative Mills:
This is in response to your request for an opinion concerning the dissolution of fire protection districts. Specifically, you have enclosed a copy of a letter from Ray Waters, the Woodruff County Attorney, which indicates that the Woodruff County Quorum Court, about three years ago, established a fire protection district for a portion of that county by county ordinance. The ordinance, which is also enclosed, shows that it was adopted by virtue of A.C.A. §§ 14-284-204 et seq.[1] Your question is how this district can be dissolved — whether it can be dissolved by ordinance, or whether an election must be held. The letter indicates that the district has no debt.
It is my opinion that an election must be held to dissolve this district. The Arkansas Code provides, at A.C.A. §§ 14-284-201et seq., for the establishment of fire protection districts outside of cities and towns. Under this subchapter, two methods may be used to establish such districts. They may be created by ordinance of the quorum court, as in this case (A.C.A. §14-284-204 (with certain public hearing requirements)), or they may be created by an election of the qualified voters of the affected district. A.C.A. § 14-284-205. It appears under A.C.A. §14-284-222, however, that the dissolution of a fire protection district created under either one of these alternatives must be dissolved by an election of the qualified voters of the district. That statute provides in pertinent part:
 (a) A fire protection district created pursuant to this subchapter may be dissolved upon a vote of a majority of qualified electors of the district, and the question of dissolution of the district may be submitted to the electors in the same manner as is prescribed in this subchapter for submitting the question of the establishment of the district.
It is my opinion that the plain language of this statute requires the dissolution of a district created by ordinance to be by election. The language above seems to presume that the district was created under the election alternative. It is my opinion, however, that the plain language of the statute, (i.e., "[a] . . . district created pursuant to this subchapter may be dissolved upon a vote of [the] qualified electors. . . ." [emphasis added]), requires that even districts created through the ordinance alternative be dissolved by an election.
Of course, A.C.A. § 14-284-222 also provides that "[n]o election on the question of dissolution of a fire protection district may be held within the first three (3) years after the establishment of the district." Mr. Waters' letter indicates that the district in question was created "about three years ago." Any election to dissolve it would have to be held after the first three years has expired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The actual ordinance cites to the authority of "Ark. Code Ann. § 14-84-204," a statute which does not exist. In spite of the typographical error in the ordinance, it is clear that it was intended to read: "Ark. Code Ann. § 14-284-204."